IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAVID O. ROBINSON,

    Plaintiff,

v.                                                                 Civil Action No. **3:11CV63**

JAMES STEWART, III,

    Defendant.

## MEMORANDUM OPINION

David O. Robinson, proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983. At all pertinent times, Robinson was detained as a sexually violent predator pursuant to section 37.2–900 *et seq.* of the Virginia Code. By Memorandum Order entered on August 16, 2011, the Court directed Robinson to submit a particularized complaint. On August 25, 2011, Robinson submitted the Particularized Complaint. Stewart has moved to dismiss the Particularized Complaint.[1] Robinson has responded. For the reasons set forth below, the Court will dismiss Robinson's constitutional claims with prejudice and dismiss Robinson's state law claims without prejudice.

## I. STANDARD FOR A MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded

---

[1] Defendant Stewart also has filed a Motion to Substitute to reflect the proper spelling of his name. The Motion to Substitute (Docket No. 13) will be GRANTED. The Clerk will be DIRECTED to amend the docket of the action to reflect the correct spelling of Defendant Stewart's name as reflected above.

allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574

F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

"Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) (*citing Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001)). A court, however, may take judicial notice of official public records whose authenticity is not disputed. *Id.* at 397 (*citing Blue Tree Hotels Inv. (Can.) Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004)). The Court, therefore, will consider the state court orders attached to Stewart's Memorandum in Support of the Motion to Dismiss. (Mem. Supp. Mot. Dismiss Exs. 1, 2.)[2]

## II. THE PARTICULARIZED COMPLAINT

Despite the Court's instructions to Robinson to articulate the facts that support his claims and clearly explain why he believes the defendant violated his rights, the Particularized Complaint remains short on facts and somewhat opaque as to Robinson's theories for relief.

### A. Summary of Allegations

James Stewart, III, is the Commissioner of the Virginia Department of Behavioral Health and Developmental Services ("DBHDS"). Kimberly Runion is the Director of the Virginia Center for Behavioral Rehabilitation ("VCBR"). On October 8, 2009, the Circuit Court for the

---

[2] Stewart fails to explain how the Court can consider his affidavit (Mem. Supp. Mot. Dismiss Ex. 4) or the note pertaining to Robinson's transportation dated September 21, 2010 (*id.* Ex. 3), without converting his motion to one for summary judgment. They will not be considered in this opinion.

3

County of Fairfax ("Circuit Court") entered a Commitment Order, wherein it committed Robinson to the custody of the DBHDS for secure inpatient treatment as a Sexually Violent Predator. (Mem. Supp. Mot. Dismiss Ex. 1, at 1–2.) The Circuit Court further stated that on September 15, 2010, it would "conduct a hearing for assessment in accordance with Virginia Code Section 37.2–910 to determine if the Respondent remains a sexually violent predator." (*Id.* at 2.) Additionally, the Circuit Court held that "the Respondent remains under the jurisdiction of this Court . . . ." (*Id.* at 3.)

Subsequently, Robinson's assessment hearing was rescheduled to September 22, 2010. (Mem. Supp. Mot. Dismiss Ex. 2, at 1.) On September 16, 2010, the Circuit Court entered a Transportation Order that stated:

> [T]he Sheriff of the County of Fairfax shall go to the VCBR, 4901 E. Patrick Henry Highway, Burkeville, Virginia, 23922, and bring the Respondent to the Fairfax Circuit Court in time for him to attend the annual review hearing on September 22, 2010; shall hold the Respondent in secure custody until his annual review hearing is concluded; and after the hearing, shall return the Respondent to the VCBR.

(*Id.*) Runion turned Robinson over to the Fairfax Sheriff's Department, and Robinson was then housed in the Fairfax County Jail "among other prisoners."[3] (Particularized Compl. ¶ 11.) In his Particularized Complaint, Robinson does not state how much time he spent housed among other prisoners at the Fairfax County Jail.[4]

---

[3] The Court has corrected the excessive capitalization in the quotations to Robinson's submissions.

[4] In attachments to his Original Complaint, Robinson indicates that he remained confined with other inmates at the Fairfax County Jail from September 23, 2010 until September 27, 2010. (Compl. Exs. A, B.)

4

### B. Summary of Claims

Robinson's claims against Defendant Stewart are best summarized as follows:[5]

Claim One   Defendant Stewart violated Robinson's rights under state law, including section 37.2–909(A) of the Virginia Code,[6] by allowing the Sheriff of Fairfax County to take custody of Robinson.

Claim Two   Defendant Stewart violated Robinson's right under the Fifth Amendment[7] by allowing Robinson to be held in the Fairfax Jail "without any warrant or grand jury indictment." (*Id.* ¶ 15.)

---

[5] The Court has not included claims against individuals that Robinson did not specifically identify as defendants in the Particularized Complaint.

[6] That statute provides as follows:

> Any respondent committed pursuant to this chapter shall be placed in the custody of [DBHDS] for control, care, and treatment until such time as the respondent's mental abnormality or personality disorder has so changed that the respondent will not present an undue risk to public safety. [DBHDS] shall provide such control, care, and treatment at a secure facility operated by it or may contract with private or public entities, in or outside of the Commonwealth, or with other states to provide comparable control, care, or treatment. At all times, respondents committed for control, care, and treatment by [DBHDS] pursuant to this chapter shall be kept in a secure facility. Respondents committed under this chapter shall be segregated by sight and sound at all times from prisoners in the custody of a correctional facility. The Commissioner may make treatment and management decisions regarding committed respondents in his custody without obtaining prior approval of or review by the committing court.

Va. Code § 37.2–909(A) (West 2012).

[7] The Fifth Amendment provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V.

Claim Three    Defendant Stewart violated Robinson's rights under the Eighth Amendment[8] by allowing him to be housed in the Fairfax Jail among prisoners.

## III. ANALYSIS

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Additionally, "[b]ecause vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Here, Robinson fails to clearly articulate how his constitutional rights were violated, much less allege facts that indicate Defendant Stewart personally participated in any such violation.

For example, in Claim Two, Robinson contends that Stewart violated his rights under the Fifth Amendment by temporarily housing Robinson in the Fairfax County Jail. First, Robinson suggests he had a right to be charged by an indictment issued by a grand jury. Robinson is wrong. The Fifth Amendment's "'requirement of a grand jury indictment is not applicable to the states.'" *Bae v. Peters*, 950 F.2d 469, 477–78 (7th Cir. 1991) (*quoting United States ex rel. Ballard v. Bengston*, 702 F.2d 656, 660 (7th Cir. 1983)). Moreover, Robinson fails to articulate why his temporary detention by the Fairfax County Sheriff constituted a denial of due process on the part of Defendant Stewart. Robinson does not dispute that the DBHDS obtained lawful custody of his person, (Mem. Supp. Mot. Dismiss Ex. 1, at 1), or that the DBHDS transferred temporary custody of Robinson to the Fairfax County Sheriff pursuant to an order from the

---

[8] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

Circuit Court. (Mem. Supp. Mot. Dismiss Ex. 2, at 1.) Robinson fails to articulate facts that indicate such a temporary transfer of custody was improper, much less unconstitutional.[9] *See Puranda v. Johnson*, No. 3:08CV687, 2009 WL 3175629, at *4–5 (E.D. Va. Sept. 30, 2009) (discussing the factual and legal predicates necessary for a state-created liberty interest). Furthermore, Robinson does not allege facts that indicate Defendant Stewart personally participated in the transfer.[10] *See Iqbal*, 556 U.S. at 676. Accordingly, Claim Two will be DISMISSED WITH PREJUDICE.

In Claim Three, Robinson contends that Defendant Stewart subjected him to cruel and unusual punishment by allowing the Fairfax County Sheriff to house Robinson with the inmates in the Fairfax County Jail. In order to state an Eighth Amendment claim challenging one's conditions of confinement, the plaintiff must allege facts that show: "'(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (*quoting Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)). The first showing requires the Court to determine whether the deprivation of a basic human need was "*objectively* 'sufficiently serious,'" while the second

---

[9] Robinson contends that Stewart and the DBHDS must maintain direct "control" of his person "at all times." (Pl.'s Resp. Mot. Dismiss (Docket No. 15) 1.) The pertinent statute, however, is not so restrictive. *See* Va. Code § 37.2-909(A) (West 2012) (permitting the DBHDS to maintain committed individuals for treatment at any "secure facility operated by it" or at other secure facilities operated by "private or public entities, in or outside of the Commonwealth, or with other states to provide comparable control, care, or treatment"). Furthermore, the Circuit Court's Commitment Order reflected that it retained jurisdiction over Robinson's person. (Mem. Supp. Mot. Dismiss Ex. 1, at 3.) To the extent the Fairfax County Sheriff improperly housed Robinson with other inmates, Robinson fails to allege facts that indicate such actions amounted to a constitutional violation by Defendant Stewart. *See Iqbal*, 556 U.S. at 676.

[10] Robinson's conclusory allegation that Runion and Defendant Stewart conspired to violate his rights (Part. Compl. 2) is not sufficient to state a claim against Defendant Stewart. *See Ruttenberg v. Jones*, 283 F. App'x 121, 131–32 (4th Cir. 2008)

requires it to determine whether the officials subjectively acted with a "'sufficiently culpable state of mind.'" *Id.* (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

"Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (*citing Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992)). Therefore, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort [that] is part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler*, 989 F.2d at 1380 n.3 (some internal quotation marks omitted) (*quoting Hudson*, 503 U.S. at 9). Accordingly, under the objective prong, Robinson must allege facts that suggest he sustained "'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta*, 330 F.3d at 634 (*quoting Strickler*, 989 F.2d at 1381). Robinson has not done so. Therefore, he cannot satisfy the objective prong for an Eighth Amendment Claim.[11] Accordingly, Claim Three will be DISMISSED WITH PREJUDICE.

Generally, supplementary state law claims should be dismissed if the federal claims are dismissed before trial. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In light of the preliminary dismissal of Robinson's federal claims and the insubstantial nature of those federal claims, the Court declines to exercise its discretion to retain Robinson's claim for a violation of his rights under state law. *See Jenkins v. Weatherholtz*, 909 F.2d 105, 110 (4th Cir.

---

[11] Robinson also has failed to satisfy that subjective prong. Under the subjective prong, Robinson must allege facts that indicate Defendant Stewart actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Robinson does not allege facts that indicate Defendant Stewart knew of Robinson's transfer to the Fairfax County Sheriff, much less that Defendant Stewart knew how the Sheriff intended to house Robinson.

1990); *see also Reeder v. Staunton Sheriff*, No. 7:11CV00299, 2011 WL 2605047, at *4 (W.D. Va. June 30, 2011) (dismissing without prejudice similar state law claim). Accordingly, Claim One will be DISMISSED WITHOUT PREJUDICE.

## IV. CONCLUSION

Defendant Stewart's Motion to Dismiss (Docket No. 12) will be GRANTED. Claims Two and Three will be DISMISSED WITH PREJUDICE. Claim One will be DISMISSED WITHOUT PREJUDICE. The action will be DISMISSED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 7/31/12
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

9